**CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT**

I, Alex Travers, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this continuation in support of a criminal complaint against Eugene Walter-George Rantanen for violations of 18 U.S.C. §§ 113(a)(6). 1151, 1153, assault resulting in serious bodily injury, and 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree.   Based on the information disclosed below, I submit there is probable cause to believe that on or about February 19, 2024, Rantanen violated 18 U.S.C. §§ 113(a)(6). 1151, 1153, assault resulting in serious bodily injury, and 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree, in the Western District of Michigan.  I, therefore, request the Court authorize the criminal complaint and an arrest warrant for Rantanen.

2.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since 2022. I am currently assigned to the Detroit Division, Marquette Resident Agency. Prior to my employment with the FBI, I was a police officer for over eight (8) years in Cranston, Rhode Island where I served as a patrol officer, in temporary assignments with the department's Special Investigations Unit, and as a patrol sergeant. This continuation is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.      My duties include the investigations of various violations of federal criminal law, including matters involving violations of 18 U.S.C. §§ 113(a)(6), 1151,

1153, assault resulting in serious bodily injury, and 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.     I am informed by the United States Attorney's Office that to establish the charge of assault resulting in serious bodily injury for a crime committed by an Indian within Indian Country, the following elements must be met:

   a.  The suspect assaulted the victim;

   b.  The assault resulted in serious bodily injury;

   c.  The suspect is an Indian; and

   d.  The offense occurred in Indian Country.

5.     I am informed by the United States Attorney's Office that to establish the charge of child abuse – second degree by an Indian within Indian Country, the following elements must be met:

   a.  First, that suspect is the parent or guardian of the child.

   b.  Second, that suspect had care or custody of or authority over the when the abuse allegedly happened, regardless of the length of time the child was cared for by, in the custody of, or subject to the authority of that

2

person.

   c.   Third, that the suspect's reckless act caused serious physical harm or serious mental harm to a child.

      i.   "Serious physical harm" means any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut.

     ii.   "Serious mental harm" means an injury to a child's mental condition that results in visible signs of an impairment in the child's judgment, behavior, ability to recognize reality, or ability to cope with the ordinary demands of life.

   d.   The child was at the time under the age of 18.

   e.   The suspect is an Indian.

   f.   The offense occurred in Indian Country.

6.     The residence, 16385 Skanee Road, L'Anse, Michigan 49946, where the incident occurred, is located within the exterior boundaries of the L'Anse Reservation of the Keweenaw Bay Indian Community, a federally recognized tribe, which the United States Attorney's Office informs me makes it Indian Country as defined by federal law. The residence is located within the Northern Division of the Western District of Michigan. Rantanen is an enrolled member of the Keweenaw Bay Indian Community and is an Indian for purposes of federal law.

3

7.      On or about February 19, 2024, police responded to a 9-1-1 call at 16385 Skanee Road, L'Anse, Michigan 49946. The caller, Rantanen, reported that Victim, who is approximately a year and a half old, was not responsive. Police and emergency medical services responded to the residence. Rantanen and Victim were the only occupants of the residence when first responders arrived.

8.      In the 9-1-1 call made by Rantanen, he reported he found Victim not breathing. Rantanen told the dispatcher Victim was slumped over the bed and not breathing. Rantanen left Victim on the bed for a nap. Rantanen told the dispatcher that he observed cuts on Victim's tongue. Rantanen updated the dispatcher that Victim started breathing, but Victim's breathing was irregular.

9.      Medical services transported Victim to Baraga County Memorial Hospital, then to Hospital Sisters Health System St. Vincent Hospital in Green Bay, Wisconsin. Once at St. Vincent, medical staff observed bruising to Victim's head, torso, and other regions. Medical staff reported a Computed Tomography (CT) scan of Victim's head revealed internal bleeding. The bruising on Victim's torso appeared consistent with marks from fingertips. Rantanen told first responders that he left Victim alone in a room, and when Rantanen returned, Victim was unresponsive.

10.     Victim was transported to Milwaukee Campus – Children's Wisconsin, in Milwaukee, Wisconsin. Medical staff observed bruising to Victim's head, torso, scrotum, and buttocks. Medical staff reported that Victim's injuries were consistent with trauma, Victim was showing little signs of life, and signs of Abusive Head Trauma (AHT). Based on a meeting between with medical staff at Children's

4

Wisconsin, the child is not likely to recover, and is likely to die unless kept on life support.

11.     Based on my training and experience and conversations with investigators and medical professionals, the injuries and marks observed on Victim are consistent with non-accidental trauma caused by someone other than the Victim.

12.     I was informed by personnel at the Michigan Department of Health and Human Services that Rantanen is Victim's parent.

13.     The FBI obtained medical records for Victim from Baraga County Memorial Hospital (BCMH). Those records indicate that Victim had multiple subdural hematomas.

14.     SA Richard Grout interviewed a doctor who spoke to Rantanen and Rantanen's wife, Alicia Rantanen (hereafter "Alicia"), at BCMH.  Rantanen told the doctor that Victim was fine when Victim was put down for a nap. Rantanen came back five minutes later and observed Victim sitting up, slumped over, and limp. Rantanen picked up Victim, noticed Victim was not breathing at all, and called 9-1-1. Victim started breathing during the 9-1-1 call. Prior to Rantanen finding Victim like this, Victim was acting and eating normally and otherwise doing well. According to Rantanen, Victim was sick with a respiratory illness and was scheduled for follow-up in the near future. Rantanen did not mention anyone else being present with him and Victim during the incident. Alicia told the doctor that she last saw Victim around 4:00 p.m. that day when she came home between work shifts. She said "hi" to Rantanen and Victim, then went to work. At the time, Victim was eating and doing

well. Alicia did not mention anyone else being in the home. The doctor stated that Rantanen and Alicia were together when they spoke to the doctor.

15.    On February 20, 2024, the FBI, Keweenaw Bay Tribal Police, and Michigan State Police Crime Scene Response Team executed a court-authorized search warrant at 16385 Skanee Road. Investigators seized wipes with suspected blood from the area of the bathroom and hallway:



16.    Additionally, investigators seized the mattress of a pack and play as it contained suspected blood:



17.     On February 22, 2024, investigators had another meeting with medical staff at Children's Wisconsin and learned for medical staff, the current findings represent the highest-level concern for non-accidental trauma.

18.     I submit there is probable cause to believe the crimes under investigation were committed.  Regarding assault resulting in serious bodily injury, Rantanen is an Indian; the residence is in Indian Country; based on the medical evidence this was non-accidental trauma consistent with a battery; and there was serious bodily injury in the form of a substantial risk of death and protracted loss or impairment of a bodily member, organ, or mental faculty. Regarding child abuse second degree, Rantanen is an Indian; the residence is in Indian Country; Rantanen is Victim's parent and had custody of Victim; based on the nature of the wounds, I

submit there is probable cause to believe that Rantanen recklessly, knowingly or intentionally[1] committed an act that caused serious physical and mental harm to Victim; and Victim was under 18.

## **CONCLUSION**

19.    I submit that this continuation establishes probable cause to believe that Rantanen committed violations of 18 U.S.C. §§ 113(a)(6). 1151, 1153, assault resulting in serious bodily injury, and 18 U.S.C. §§ 1151, 1153, Mich. Comp. Law § 750.136b(3)(b), child abuse – second degree.  I, therefore, request that the Court authorize the criminal complaint and issue an arrest warrant for Dean's arrest.

---

[1] I am informed by the U.S. Attorney's office that if Rantanen committed the act intentionally or knowingly, he would satisfy the recklessness state of mind.